UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MCKINLEY ABRAM, # 069373**                    **CIVIL ACTION**

**VERSUS**                                      **NO. 05-0194**

**BURL CAIN, WARDEN**                           **SECTION "T" (6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this

matter can be disposed of without an evidentiary hearing. The State has filed a Response (Rec. Doc. 10) contending that petitioner's application is time-barred. For the reasons which follow, the court hereby finds that the instant application for federal *habeas corpus* relief is, in fact, timely and therefore ORDERS that the State file a response within thirty (30) days addressing the merits of petitioner Abram's habeas petition.

## PROCEDURAL HISTORY

Petitioner, McKinley Abram, is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, serving a sentence, as a multiple offender, of 30 years at hard labor without benefit of parole, probation or suspension of sentence for the crime of simple burglary.[1] Abram's conviction was affirmed by the Louisiana Court of Appeal, Fourth Circuit on February 28, 2001 but that court reversed his sentence and remanded the case to the trial court for re-sentencing.[2] Petitioner's application requesting review of the Fourth Circuit's decision was denied by the

---

[1] Abram was found guilty by a jury of simple burglary on May 7, 1998 in Orleans Parish Criminal District Court, Case # 385-874 "B".

[2] *State v. Abram*, 786 So.2d 984 (TABLE, No. 2000-KA-0413)(La. App. 4th Cir. 2/28/01), a copy of which can be found in State Rec. vol. 1. Abram was originally sentenced to a term of life, without benefit of parole, probation or suspension of sentence. His case was remanded for re-sentencing because the appellate court found that the trial judge had erroneously believed that he was bound to impose a mandatory life sentence.

Louisiana Supreme Court on June 27, 2003.³ Meanwhile, petitioner was re-sentenced by the trial court on March 27, 2001.⁴ He subsequently filed a second direct appeal to the Fourth Circuit on October 5, 2001.⁵ The Fourth Circuit vacated petitioner's sentencing as a fourth felony offender and remanded the matter once again for re-sentencing as a second felony offender.⁶ The State then applied for relief in the form of a writ of certiorari to the Louisiana Supreme Court, resulting in said writ being granted in the State's favor on October 4, 2002.⁷ On remand to the Louisiana Fourth Circuit, petitioner's sentence of thirty years as a fourth felony offender was reinstated on November 13, 2002.⁸

Abram next filed a state post-conviction application with the trial court on or

---

³*State v. Abram*, 847 So.2d 1256 ( No. 2001-1262)(La. 6/27/03), a copy of which can be found in State Rec. vol. 1. Abram's *pro se* writ application was untimely filed with the highest state court on April 30, 2001. A copy of the application may be found in State Rec. vol. 1.

⁴See Minute Entry dated March 27, 2001 and sentencing transcript in State Rec. vol. 1, evidencing petitioner's re-sentencing to a term of thirty years as a multiple offender.

⁵See State Rec. vol. 1. for a copy of application filed in No. 2001-KA-1513.

⁶See *State v. Abram*, 803 So.2d 1018 (No. 2001-KA- 1513)(La. Ct. App. 4th Cir. 12/5/01), a copy of which can be found in State Rec. vol. 1.

⁷See *State v. Abram*, 826 So.2d 1111 (No. 2002-K-0030)(La. 10/4/02), a copy of which can be found in State Rec. vol. 1 as well as State Rec. vol. 2.

⁸See *State v. Abram*, 832 So.2d 1050 (No. 2001-KA-1513)(La. Ct. App. 4th Cir. 11/13/02).

about August 29, 2003.[9]  The trial court denied relief on the merits September 16, 2003.[10] Abram then filed for writ of review with the appellate court on October 9, 2003.[11] The Fourth Circuit, finding no error in the trial court's judgment, denied relief on November 24, 2003.[12] A subsequent writ to the Louisiana Supreme Court seeking review was post-marked on December 9, 2003 and stamped as filed on December 29, 2003.[13] The Louisiana Supreme Court denied relief on December 17, 2004.[14]

On or about January 4, 2005[15], Abram filed the instant petition for writ of

---

[9] See State Court Rec. vol. 1 for copy of the application filed.

[10] See State Court Rec. vol. 1 for copy of the decision.

[11] See State Court Rec. vol. 1 or vol. 3 for a copy of the application, Writ No. 2003-K-1773.

[12] See State Court Rec. vol. 3 for copy of the decision in *State v. Abram*, Writ No. 2003-K-1773 (La. App. 4th Cir. 11//24/03).

[13] See State Court Rec. vol. 1 for a copy of petitioner's writ application, Writ No. 2003-H-3530; See also State Court Rec. vol. 4 for a copy of a letter from the Clerk, Louisiana Supreme Court, confirming the date of the post-mark and filing of petitioner's writ application.

[14] See State Court Rec. vol. 1 for a copy of the Louisiana Supreme Court's denial in *State ex rel. Abram v. State*, 888 So.2d 854 (La. 12/17/04)(No. 2003-3530).

[15] See Federal Rec Doc. No. 1. This January 4, 2005, filing date was ascertained via the Court's use of the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his *habeas corpus* application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered

habeas corpus, arguing 1) that the state trial court erred in denying Abram's motion to suppress; and, 2) that he was subjected to an ex post facto application of the Louisiana habitual offender law's "cleansing period."[16] The State's response, filed on April 28, 2005, asserts that petitioner's claim is not subject to federal review as the federal petition is time-barred, and does not address the merits.[17]

## TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2005), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Abram's conviction was affirmed on February 28, 2001, and he failed to timely seek review of his conviction with the Louisiana Supreme Court.[18] He was re-sentenced on March 27, 2001 and his sentence

---

habeas petition to prison officials for mailing on date he signed petition). Abram's federal petition was date stamped by this court on January 26, 2005.

[16] See Federal Rec. Doc. 1, Petition at p. 5.

[17] See Federal Rec. Doc. 10 at p. 3-5.

[18] Petitioner waited until April 30, 2001, 63 days after the Fourth Circuit affirmed his appeal, to file for review with the Louisiana Supreme Court. Louisiana Supreme Court Rule X, Section 5.

was subsequently vacated on appeal.  As a result of the State's appeal of this ruling, the Louisiana Supreme Court reversed and remanded the case back to the Louisiana Fourth Circuit.  That court reinstated petitioner's thirty year sentence as a fourth felony offender on November 13, 2002.  No further appeal of this action was taken by Abram, thus his one year federal limitations period commenced to run thirty days thereafter, or on December 16, 2002[19] and expired one year later on December 16, 2003.[20]

Petitioner did not file the instant action until January 4, 2005, over one year after his federal limitation period had expired. Thus, petitioner's challenge to his 1998 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory

---

provides, in pertinent part:  (a) An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted.

[19]The thirtieth day fell on a Saturday, thus the court considers the first day when the limitations period began to run to be on the first business day thereafter, or Monday, December 16, 2002.

[20]See 28 U.S.C. § 2244(d)(1) .

provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As previously explained, Abram filed his first and only state post-conviction application in the state courts on August 29, 2003, after allowing a lapse of **256** days. The State concedes that this post-conviction application was pending in the state courts until the Louisiana Fourth Circuit Court of Appeal denied relief on November 24, 2003.[21] At that point, however, the State argues that Abram allowed the thirty days within which to seek review from the Louisiana Supreme Court, under state law, to expire before filing his writ application with the highest state court on December 29, 2003. However, the record shows that Abram's application was post-marked earlier than the December 29, 2003 filing date. A letter from the Louisiana Supreme Court evidences that petitioner's application was post-marked on December 9, 2003.[22]

Louisiana Supreme Court Rule X, §5(a) provides that a petition for review of a decision of a court of appeal must be filed within 30 days of the mailing of the

---

[21] See footnotes 11 & 12.

[22] See State Court Rec. vol. 4 for a copy of a letter from the Clerk, Louisiana Supreme Court, confirming the date of the post-mark of petitioner's writ application. See also State Rec. vol. 1, copy of application, handmarked as "P.M. (post-marked) 12/09/03."

notice of the original judgment of the court of appeal. Rule X §5(d) provides that an application properly mailed shall be deemed timely filed if mailed on or before the last day of the delay for filing. Thus, without resort to a federal mailbox rule, the very language of the state rule itself defines filing as timely mailing. See also, *Ronald Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 311 5095 (5th Cir., Nov. 22, 2005)(unpublished)(vacating and remanding the decision of the district court finding habeas untimely since petition was timely mailed in accordance with Louisiana Supreme Court Rule X, §5(d)) and *Robichaux v. Cain*, 155 Fed. Appx. 119, 2005 WL 3068100 (5th Cir., Nov. 14, 2005)(unpublished)(same). Therefore, the court finds that petitioner's writ application[23] was filed with the Louisiana Supreme Court on December 9, 2003 in a timely fashion and, as a result, acts to toll the limitations period until the writ application was denied on December 17, 2004. Petitioner then allowed an lapse of only **18** days for a total lapse of **274** days (256 + 18 = 274 days). Therefore, Abram's federal habeas petition is considered timely filed under 28 U.S.C. §2244(d)(1) and (2).

---

[23] See State Court Rec. vol. 1 for a copy of petitioner's writ application, Writ No. 2003-H-3530.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the State's response to the petition for issuance of writ of habeas corpus filed by McKinley Abram be REJECTED and the petition be found to be timely filed. Therefore, IT IS HEREBY ORDERED that the State submit, within 45 days, a Response addressing the merits of petitioner's application for federal habeas relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 20th day of April, 2006.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE